606 A.2d 547

**STATE CORRECTIONAL INSTITUTION AT PITTSBURGH, DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**James S. WEAVER, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1991.

Decided March 16, 1992.

Petition for Allowance of Appeal
Denied Aug 11, 1992.

Marcellus J. Matthews, Asst. Counsel, for petitioner.

William H. Haller, for respondent.

Before DOYLE and PELLEGRINI, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

The State Correctional Institution at Pittsburgh, Department of Corrections (Department) appeals an order of the State Civil Service Commission (Commission) which directed the Department to return James S. Weaver's name to the eligibility list for promotion to Corrections Officer II.

The relevant facts are as follows: On January 7, 1985 while employed as a Corrections Officer I, Weaver sustained serious injuries to his left shoulder, neck and head when he intervened in an altercation between inmates and a deputy sheriff. As a result of his injuries, Weaver was on medical leave for approximately one year.[1] In January 1986, Weaver was ordered back to work and was assigned to light duty status.[2]

In 1989 Weaver took the Civil Service test for Corrections Officer II and was placed in the first position on the eligible for promotion list. By letter dated February 14, 1990 Weaver was informed that he was retroactively promoted to Corrections Officer II effective November 27, 1989. In the same letter, Weaver was requested to provide a statement from his physician indicating that Weaver was able to

1. As a result of his injury, Weaver is considered by the Department to be "permanently partially disabled."

2. Weaver was assigned to the employee and visitors' entrance lobby area.

perform all the duties and responsibilities required of a Corrections Officer II. By letter dated March 16, 1990, Weaver was advised that because he did not provide the requested medical clearance by the deadline date of March 12, 1990, he was returned, or "demoted," to Corrections Officer I effective March 19, 1990 for failure to satisfactorily complete the probationary period.[3]

Thereafter, the Department requested that the Commission remove Weaver's name from the eligible list. By letter dated July 19, 1990, the Commission granted this request. Weaver's name was to be removed for a period of thirty six (36) months unless Weaver submitted medical documentation showing that he was able to work earlier. If such medical documentation were submitted, he could then request reactivation of his eligibility. Weaver appealed the removal of his name from the eligible list under Section 951(b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951(b).[4] Section 951(b) provides that any person who is aggrieved by an alleged violation of Section 905.1 of the Civil Service Act, 71 P.S. § 741.905(a),[5] may appeal to the Commission. Section 905.1 prohibits discrimination against "any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action ... because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors." Weaver alleged that he was discriminated against because of sex, handicap and other non-merit factors.

The Commission found that the Department accommodated Weaver's disability by creating a light duty position for him while retaining him as a Corrections Officer I. It concluded, however, once having established different criteria for Weaver's employment, "the denial of advancement

3. This demotion is the subject of a grievance filed on behalf of Weaver by his union and is not before this Court.

4. Section 951(b) was added to the Civil Service Act by Section 27 of the Act of August 27, 1963, P.L. 1257.

5. Section 905.1 was added to the Civil Service Act by Section 25 of the Act of August 27, 1963, P.L. 1257.

within that separate category was discriminatory." Accordingly, the Commission ordered Weaver's name returned to the eligibility list for Corrections Officer II. Appeal to this Court followed.

The Department raises two issues on appeal: 1) that there is insufficient evidence to support a finding of discrimination, and 2) that the Commission erred by failing to consider the relationship between the Civil Service Act and the terms of the Collective Bargaining Agreement in the promotion of a classified employee. We review these issues keeping in mind that our scope of review of an order of the Commission is limited to determining whether constitutional rights have been violated, an error of law has been committed and necessary factual findings are supported by substantial evidence. *Rosselli v. Reading Housing Authority*, 116 Pa.Commonwealth Ct. 177, 541 A.2d 417 (1988).

We first consider the Department's challenge to the sufficiency of the evidence. A person claiming discrimination in a personnel action has the burden of presenting evidence to support such a charge. *Department of Corrections v. Colyer*, 133 Pa.Commonwealth Ct. 413, 576 A.2d 416 (1990). Discrimination cannot be inferred by the Commission; rather there must be some affirmative support adduced to sustain the allegations of discrimination. *Harper v. Department of Public Welfare*, 123 Pa.Commonwealth Ct. 340, 553 A.2d 521 (1989). Once the employee has met his burden, the employer must demonstrate a nondiscriminatory reason for its conduct. *Allegheny County Health Department v. Bandyk*, 117 Pa.Commonwealth Ct. 275, 544 A.2d 527 (1988).

Weaver's sole evidence of discrimination based on his handicap is the promotion of two Corrections Officer I's to Corrections Officer II's while the officers were off duty on disability leave. These promoted officers were not requested to provide medical clearance prior to assuming the duties of their new positions. However, the Personnel Officer for the facility at which Weaver worked, Peter

Balestrerie, testified that the Corrections Officers who were promoted while on disability had injuries which were temporary. Balestrerie further testified that both of these officers work inside the institution and their duties are no different from any other Corrections Officer II on probationary status.[6] These officers are thus not similarly situated to Weaver whose disability is of a permanent nature and who is not permitted to have inmate contact.[7] We therefore hold as a matter of law that Weaver has not met his burden of showing discrimination based on his handicap.

We next look to whether Weaver has established that his removal was based on other non-merit factors.[8] The term "non-merit factor" is not defined by the Civil Service Act but in *Balas v. Department of Public Welfare*, 128 Pa.Commonwealth Ct. 205, 214, 563 A.2d 219, 223 (1989), this Court announced that merit criteria which are the criteria relevant to the proper execution of the employee's duties, are job related, and touch in some logical and rational manner upon competency and ability.

In its adjudication, the Commission did not address Weaver's ability to perform the duties of a Corrections Officer II; however the Commission did find that Weaver continues to have some physical limitations and is prohibited from having inmate contact. Further, Weaver's duties as a Corrections Officer I were severely limited by his medical condition and unless the light duty position had been created, Weaver would not have been able to function as a Corrections Officer I.

The job description for Corrections Officer II provides the following definition of the position:

6. While the Commission made no specific finding on this testimony, Weaver did not rebut it. Thus, he failed to meet his burden as a matter of law.

7. Weaver testified at the hearing that if he were injured again in the same area, he could suffer paraplegia.

8. On appeal, Weaver does not argue that he was discriminated against based on gender.

This is lead work or other specialized work in the custody, supervision and non-professional counseling of inmates at a state correctional institution or facility on an assigned shift.

An employee in this class directs the work of subordinate corrections officers in cellblocks, cottages, housing units, work areas, dining and recreation areas and other general areas within the institution or performs other duties of equivalent scope and complexity. Incumbents ensure security is maintained, institution rules are adhered to and provide guidance and advice in assisting inmates in their adjustment to and participation in correctional processes. *Work varies from duties where there is direct involvement with inmates to work where there is limited contact with inmates and visitors.* General supervision is normally received and work is reviewed for adherence to institution rules and procedures. (Emphasis added.)

It is clear from the definition that inmate contact is an aspect of the position of Corrections Officer II. Although Section 905.1 of the Civil Service Act prohibits any personnel action which is discriminatorily based on a non-job-related handicap or disability, it does not bar unequal treatment on the basis of a job-related handicap or a handicap which interferes with the ability to perform essential functions of the job. *Laws v. Philadelphia County Board of Assistance,* 50 Pa.Commonwealth Ct. 340, 345, 412 A.2d 1377, 1380 (1980).

Even assuming that Weaver has served the Department well, that the Department did not inform Weaver that he would be unable to obtain a promotion in the future, and that the Department created a position in order to enable Weaver to return to work, these factors do not serve to impose an obligation on the Department to promote Weaver to a position which requires inmate contact despite his present restriction on having such contact. *Cf.* 16 Pa.Code § 44.15(a) (Human Relations Commission Regulation providing that an employer cannot refuse to promote an employee

because of a handicap which is not presently job-related but may worsen and become so.) Nor does the denial of advancement within a specially created position constitute discrimination within Section 905.1 of the Civil Service Act. We therefore hold that the Commission's conclusion that Weaver met his burden of establishing discrimination is not supported by substantial evidence. Accordingly, we reverse the order of the Civil Service Commission.[9]

## ORDER

NOW, March 16, 1992, the order of the State Civil Service Commission in the above-captioned matter is hereby reversed.

9. Because of our holding, we do not reach the Department's additional argument that the Commission erred in not considering the relationship between the Civil Service Act and the terms of the collective bargaining agreement.