**Gary E. WILLIAMS, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, BENSALEM YOUTH DEVELOPMENT CENTER, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 18, 1995.

Decided Feb. 7, 1996.

---

Lorrie McKinley, for Petitioner.

Andrew A. Coates, Assistant Counsel, for Respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

PER CURIAM OPINION.

Gary Williams (Williams) appeals from a decision of the State Civil Service Commission (Commission) that sustained the action of the Bensalem Youth Development Center, Department of Public Welfare (BYDC) in removing Williams from his position as a youth development aide. We vacate and remand.

Williams last worked for BYDC on May 22, 1992. Shortly after that, he sought workers compensation benefits, alleging that on his last day of work he experienced a recurrence of an injury that he sustained on October 25, 1991, while in the scope of his employment. His claim was denied. On January 27, 1992, after Williams exhausted his paid leave, he was placed on sick leave with benefits but without pay for six months. On December 27, 1992, he was placed on sick leave without pay and without benefits. BYDC informed Williams on May 17, 1993 that his sick leave benefits would expire on June 26, 1993, and that he could either return to work, with medical documentation releasing him to full duty, or resign his position. Williams informed BYDC that he would not exercise either option. Following a pre-disciplinary conference, BYDC removed Williams from his position as of August 2, 1993.

Williams filed an appeal to the Commission under Section 951(a) of the Civil Service Act (Act), 71 P.S. §§ 741.951(a), which provides for an appeal from any permanent separation in violation of the Act. He also appealed under Section 951(b) of the Act, 71 P.S. 741.951(b), which provides for appeals of personnel actions based on discrimination. By order dated September 15, 1993, the Commission denied Williams' Section 951(b) appeal because he failed to allege any acts that if proven would constitute discrimination. Williams did not appeal the Commission's order. On December 2, 1993, he filed a motion for reconsideration nunc pro tunc, seeking to have the Commission vacate its September 15, 1993 order and permit him to amend his appeal. The Commission denied the motion.

The Commission held a hearing on July 7, 1994. Richard Szczurowski, the personnel director at BYDC, testified that the facility has a policy of granting disability leaves of absence for up to two years only to employees who sustain work related injuries. He further testified that BYDC only permits employees who are injured in the course of their employment to return to work in a modified duty position. Two-year leaves of absence and light duty work are not offered to employees who are injured outside the scope of their employment.

Following the hearing, the Board requested that both parties submit briefs. In his brief, Williams argued that BYDC's policies of limiting disability leaves of absence and light duty work to employees approved for workers' compensation benefits is discrimina-

tory under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–797(b). BYDC filed a brief and motion to strike the portion of Williams' brief raising the issue of discrimination. Williams filed a response to the motion to strike, following which BYDC sent a reply to Williams' response to the Commission.

On January 23, 1995, the Commission issued an adjudication and order sustaining Williams' dismissal on the basis that BYDC established just cause for his removal. The adjudication did not address the issue of discrimination.

■ On appeal to this Court[1], the issue raised by Williams is whether BYDC's policy of limiting light duty jobs and extended leaves of absence to employees who sustain a work related injury, but denying those benefits to employees identically impaired from non-work related injuries, violates the Americans with Disabilities Act and the Rehabilitation Act, and accordingly cannot support a dismissal for just cause.

Williams concedes that the Commission denied his Section 951(b) appeal because he failed to indicate any information regarding discrimination on his appeal request form. He further recognizes that the Commission denied his motion for reconsideration nunc pro tunc. Nevertheless, he maintains that he properly raised the issue of the discriminatory nature of BYDC's policies by means of his Section 951(a) appeal, and therefore the Commission erred in failing to address the merits of his claim. We agree.

■ Claims of discrimination, in the sense of specific acts of disparate treatment of similarly situated individuals, are properly raised through a Section 951(b) appeal. *See, e.g., State Correctional Institution at Pittsburgh, Department of Corrections v. Weaver,* 146 Pa.Cmwlth. 381, 606 A.2d 547 (1992) (Corrections officer claimed discrimination because he was denied promotion while on disability leave, when two other corrections officers also on disability leave were promoted). Here, Williams argues that his claim of discrimination does not focus on his specific dismissal, but on the fact that BYDC's policy is invalid as violative of the Americans with Disabilities Act and the Rehabilitation Act, both of which prohibit discrimination against disabled individuals.

■ Where an appointing authority asserts that violation of its policies constitutes just cause for such action, a challenge to those policies on the basis that they discriminate against individuals protected by federal law is properly raised under Section 951(a). A discriminatory policy that violates federal law cannot serve as the basis of an employee's dismissal.

Because the Commission failed to address the issue of discrimination, which Williams properly raised, we must vacate the order dated January 23, 1995 and remand the matter to the Commission for proceedings consistent with this opinion.

## PER CURIAM ORDER

AND NOW, February 7, 1996, we vacate the order of the Civil Service Commission dated January 23, 1995, and remand for proceedings consistent with this opinion.

We relinquish jurisdiction.

This case was decided before the resignation of Judge NEWMAN.

DOYLE, Judge, concurring and dissenting.

I respectfully dissent from that part of the majority opinion which would remand this case to the State Civil Service Commission and would affirm the order of the Commission.

Even assuming arguendo that the issue of discrimination under the Federal Americans with Disabilities Act (ADA) of 1990[1] and the Rehabilitation Act of 1973[2] was preserved through the appeal under Section 951(a) of

---

1. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Mihok v. Department of Public Welfare,* 147 Pa.Cmwlth. 344, 607 A.2d 846 (1992).

1. 42 U.S.C. §§ 12101–12213.

2. 29 U.S.C. §§ 701–797(b).

the Civil Service Act (Act)[3], it is clear that on all of the facts most favorable to Williams he has failed to establish any possible act of discrimination by the Bensalem Youth Development Center (BYDC) that could be remedied under the Federal Acts cited, because the "disability" asserted by Williams, which is the root base of his claim, is not such a permanent injury that it comes within the purview of those Acts.

Under the ADA a disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). The definition of the term "disability" under the Rehabilitation Act is almost identical. *See* 29 U.S.C. § 706(8)(B). But "disability" under both has been interpreted by the federal courts to exclude injuries or disabilities of a temporary, non-chronic nature. *See, e.g., Evans v. City of Dallas,* 861 F.2d 846 (5th Cir.1988) (worker, discharged after excessive absenteeism attributable to a knee injury that required surgery, was held not to be "disabled" within the terms of the Rehabilitation Act).

Because Williams' "disability" in this case was of a temporary nature only,[4] any alleged "discrimination" based on that impairment was noncognizable under the Federal Acts.

PELLEGRINI and KELLEY, JJ., join in this concurring and dissenting opinion.

---

**3.** Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005.

**4.** Williams testified that he injured his back and lower left leg on May 22, 1992, but on July 7,

1994, was "rapidly getting much more better." (Notes of Testimony, July 7, 1994, at 52, 61; Reproduced Record at 57, 66.)