Dante J. COLA, Petitioner

v.

STATE CIVIL SERVICE COMMISSION (DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES and Spring E. Reilly), Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 7, 2004.
Decided Nov. 12, 2004.

Elliot A. Strokoff, Harrisburg, for petitioner.

Virginia J. Davison, Harrisburg, for respondent, Dept. of Conservation and Natural Resources.

John F. Yaninek, Harrisburg, for respondent, S. Reilly.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Dante J. Cola (Cola) petitions for review of the order of the State Civil Service Commission (Commission) that dismissed Cola's appeal of his non-selection for the position of Environmental Education Specialist (EES) at Bald Eagle State Park (Bald Eagle). We affirm.

Cola alleges that the reason for his non-selection was sex discrimination. After two hearings held before the Commission on January 7, 2003 and March 31, 2003, the Commission dismissed Cola's appeal, concluding that he had failed to demon-

strate sex discrimination in the selection process for the Bald Eagle EES position. Cola subsequently appealed to this Court.

■ The standard of review involving agency adjudications is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether the findings of the agency are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmens' Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992). The reviewing court is not directed to inquire into the administrative agency's adjudication, but rather only to determine whether it was supported by substantial evidence. *Id.,* at 436. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 273, 501 A.2d 1383, 1387 (1985).

■ Section 905.1 of the Civil Service Act[1] states that "[n]o officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations or because of labor union affiliations or because of race, national origin or other non-merit factors." In discrimination claims arising under Section 905.1, the person claiming discrimination in personnel actions has the burden of presenting evidence to support such charge. *Dept. of Corrections v. Weaver,* 146 Pa.Cmwlth. 381, 606 A.2d 547, petition for review denied 531 Pa. 648, 612 A.2d 986 (1992). If the claimant alleging employment discrimination establishes a prima facie case, the burden shifts to the appointing authority to clearly advance legitimate nondiscriminatory reasons for the personnel action. *Com. Dept. of Health v. Nwogwugwu,* 141 Pa.Cmwlth. 33, 594 A.2d 847 (1991). The claimant can make a prima facie case of sex discrimination by producing sufficient evidence that, if believed and unexplained, indicates that more likely than not discrimination has occurred. *Dept. of Environmental Resources v. Bowman,* 667 A.2d 499 (Pa.Cmwlth.1995), reversed in part, 549 Pa. 65, 700 A.2d 427 (1997).

■ Cola was hired as a Park Ranger I at Bald Eagle in 1990 and was promoted to Park Manager I in 1994. Cola held the Park Manager I position when he applied for, and was interviewed for, the EES position.

In 1996, Bald Eagle hired its first EES. Prior to that time Cola had performed all EES-type duties at Bald Eagle. In 2002, the EES position at Bald Eagle was vacant, and the appointing authority posted the position for bidding. In April 2002, Cola bid for the position. Also in April 2002, Spring Reilly (Reilly) and Timothy Morey (Morey) bid for the same EES position at Bald Eagle. Ten candidates, including Cola, Reilly, and Morey, were selected for interviews. Ultimately, the appointing authority unanimously selected Reilly for the position, and Morey was ranked second. No other candidates were ranked, and only the selected applicant's references were reviewed.

The minimum experience and training requirements for the EES position include a bachelor's degree in environmental education, education, natural sciences, social sciences, or parks and recreation, or any equivalent combination of training and experience. Of those who bid, seven males

---

1. Section 905.1 of the Civil Service Law, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.905a., added by Section 25 of the Act of August 27, 1963, P.L. 1257.

and three females, were selected to be interviewed. Each candidate interviewed was found to be qualified for the EES position prior to being offered an interview. The interview was considered the crucial element in selecting the appropriate candidate. All candidates were asked the same questions. In addition, any environmental education program provided by the State was required to address the Department of Education's Academic Standards for Environment and Ecology. Knowledge of these standards and awareness of their importance was considered vital to finding the appropriate candidate for the EES position at Bald Eagle because of its central location in the state.

During the two hearings before the Commission, Cola presented no evidence to demonstrate unequal treatment in the interviewing process, from which the ultimate selection for the EES position was made. All applicants were asked the same questions and evaluated upon their responses to those questions. The interviewing panel members have testified that Reilly did the best job of answering the questions asked by showing that she understood the Department of Education's Academic Standards for Environment and Ecology, and she asked pertinent questions on what goals were set for Bald Eagle's EES. This testimony is not disputed and was found credible by the Commission.

Cola has failed to demonstrate anything in the interviewing process that creates an inference of discrimination. Rather, Cola relied on his own testimony, along with that of one former Park Manager at Bald Eagle, another current Park Manager from a different park, and the program director of Shaver's Creek Environmental Center at Pennsylvania State University. None of those who testified had anything to do with the selection process for the

Bald Eagle EES position at issue in this case. In fact, Cola's own witness, the Park Manager from Little Buffalo State Park, testified that he had selected a male candidate for an EES position from a pool of six men and one female. The female candidate withdrew prior to the selection, but Cola's witness testified that he would have made the same selection regardless.

In addition to this testimony, Cola submitted documentation relating to other EES positions and the appointing authority's Equal Employment Opportunity Plan in support of his sex discrimination claim. According to the record, the current statistics on EES positions throughout the state show that 42 females and 28 males currently hold EES positions. While this indicates that the EES positions have been filled with over 70 percent females, this does not necessarily demonstrate discrimination without more evidence. Indeed, a closer inspection of these statistics demonstrates that 18 females and 16 males hold full-time, salaried EES positions, like the one at issue in this case. And there are four females and seven males in supervisory EES positions. Moreover, the fact that the Equal Opportunity Plan for the EES position established an equal opportunity objective for females is not evidence of sex discrimination without more. Equal opportunity objectives also exist for African American males in the EES position. Also, the Court notes from the record that two of the three persons on the interviewing panel, which selected Reilly, testified that they were not even aware of the appointing authority's Equal Opportunity Plan as it related to females in the EES position. Therefore, Cola has failed to carry his burden of establishing a prima facie case and the burden of proof has not shifted to the appointing authority. Weaver, 146 Pa.Cmwlth. 381, 606 A.2d 547; thus, it is unnecessary to address the evi-

dence presented by the appointing authority.

Accordingly, we affirm the Commission's order.

### ORDER

AND NOW, this 12th day of November 2004, the order of the Civil Service Commission is affirmed.