Edna Marsh, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare and Mayview State Hospital, Respondents.

Argued May 9, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*John J. Bell,* with him *Peter M. Suwak,* for petitioner.

*Jack E. Solomon,* Assistant Attorney General, for respondents.

OPINION BY JUDGE BLATT, August 4, 1980:

Edna Marsh (petitioner) appeals from a determination of the State Civil Service Commission (Commission) which sustained her removal by the Department of Public Welfare, Mayview State Hospital (employer) from her position as a Psychiatric Aide I.

On February 28, 1978, the petitioner took a leave from work to recover from injuries she had sustained in an automobile accident. After using all of her annual allotment of leave, she was placed on a leave of

absence without pay until November 18, 1978. When this extended leave of absence expired, she notified the employer that she would then be available only for light work. The employer responded that no such light work was available, and notified her that as of December 1, 1978, her employment would be terminated pursuant to Section 101.55(b) of the Rules of the Civil Service Commission, 4 Pa. Code §101.55(b), which provides that "[A] failure to report for work upon the termination of a leave of absence without pay shall be deemed a resignation...."

The petitioner attacks the order of the Commission on three grounds: 1) she contends that the employer was required under Section 808 of the Civil Service Act (Act)[1] to offer her a position involving lighter work or at least to place her in a group of preferred applicants for such work; 2) that her removal was not for "just cause" as required by Section 807 of the Act[2]; and 3) that her removal was for non-merit factors and was therefore discriminatory under Section 905.1 of the Act.[3]

Section 808 of the Act, 71 P.S. §741.808, designates the rights of an employee returning from a leave of absence as follows:

> An employe who has been granted a leave of absence ... shall, upon the expiration of the leave of absence, have the right to return to the class and civil service status from which leave was granted ... or to any class and civil service status in the same or lower grade ... provided that in all [two] instances there is vacancy with the same appointing authority. If there is no

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.808.

[2] 71 P.S. §741.807.

[3] 71 P.S. §741.905a.

> vacancy to which the employe on leave can be returned, he shall retain priority of return to the class from which the leave of absence was granted for a period of one year following the date of expiration of the leave, and during this time shall have precedence for employment over employees furloughed from the same class.

In this case, there is no question that the petitioner did not desire to return to her previous classification as a Psychiatric Aide I, but she contends that the record indicates that there were vacancies for jobs involving lighter work to which she was entitled to return, and that the employer denied her the right to return to these vacancies.[4] The testimony of the employer's personnel director specifically indicates, however, that there were no such vacancies at the hospital. She has argued that he testified to a staffing shortage; but the statement to which she refers was made in response to questions relating to his reasons for refusing to extend the leave of absence, and it is therefore indicative of a shortage of Psychiatric Aides and not of the existence of vacancies for positions involving lighter work. We must conclude, therefore, that the Commission did not capriciously disregard evidence favorable to the petitioner.

As to the contention that the employer failed to place the petitioner on a priority list for employment in a position involving lighter work, which she claims

---

[4] We note that the petitioner, upon returning from her leave of absence, had a right to receive hiring preference throughout the Commonwealth for the job classifications designated in Section 808 of the Act, 71 P.S. §741.808. *Eash v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975). In this appeal the petitioner contends only that she was denied such preference in the organizational unit at which she was previously employed. It is not clear from the record whether or not she was offered work in other Commonwealth units or agencies.

is required by the above language of Section 808 of the Act, 71 P.S. §741.808, we note that the language in question specifically states that the employee shall retain priority only for the class from which the leave of absence was granted, and again, the petitioner freely admits that she will not return to her classification as a Psychiatric Aide I. Because she is ineligible to be given a preferential hiring status for any position other than her previous one, her argument here is not persuasive.

Her argument that she was removed without just cause and for discriminatory non-merit reasons is equally unpersuasive. It is clear that she refused to return to her prior position after a leave of absence, and she was therefore not removed; instead, she resigned. Section 101.55(b). If she had sought to return to her position and had been refused the right to return to it because of her disability, then the issue would be whether or not the physical disability, in order to be a just cause for removal and non-discriminatory, was rationally related to the performance of her duties and touched upon her competency and ability to perform her job. *Corder v. State Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). But we must conclude that, because she had resigned from her position, and because there were no vacancies at the hospital for positions of the type she desired, the issues of cause for removal and discrimination do not arise.

The Commission's order will therefore be affirmed.

ORDER

AND, Now, this 4th day of August, 1980, the order of the State Civil Service Commission in the above-captioned case is affirmed.