Anne B. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Vocational Rehabilitation, Department of Labor and Industry, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Lee B. Balefsky, Greitzer and Locks*, for petitioner.

*Daniel R. Schuckers*, Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 24, 1981:

Anne B. Wilson (Petitioner) is appealing the adjudication and order of the State Civil Service Commission (Commission) affirming her removal from a position as Clerk Typist I, regular status, with the Philadelphia District Office of the Bureau of Vocational Rehabilitation under the Department of Labor and Industry (Appointing Authority). The Commission considered Petitioner's removal from classified service to be a resignation by abandonment under Section 806 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.806.[1]

On May 22, 1978, Petitioner suffered a work-related head injury. Effective the date of her injury, workmen's compensation benefits were paid Petitioner and the Appointing Authority granted Petitioner workmen's compensation disability leave. On

---

[1] 71 P.S. §741.806 provides in pertinent part:

The rules of the commission shall state what shall constitute resignation from the classified service. Absence from duty for five consecutive working days without notice to the appointing authority may be regarded as an abandonment of a position and in effect a resignation.

September 22, 1978, the State Workmen's Insurance Fund filed a petition to terminate compensation alleging full recovery by Petitioner, which petition was accompanied by a physician's affidavit to that effect based on an examination of Petitioner. The filing of the termination petition with the physician's affidavit of recovery operated as an automatic supersedeas under Section 413 of The Pennsylvania Workmen's Compensation Act, (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774. Thus, on September 22, 1978, payments to Petitioner were immediately suspended pending a hearing and decision by a referee on the averments of the termination petition.

On October 2, 1978, John C. Nolan, Administrator of the Philadelphia District Office of the Bureau of Vocational Rehabilitation, sent a letter to Petitioner informing her that his office had received word from the central personnel office in Harrisburg to the effect that "the physician who examined you several weeks ago for Workmen's Compensation had advised you that your claim for Workmen's Compensation Disability Leave would be terminated *September 15, 1978.*" In light of that information given him regarding Petitioner's disability status, Mr. Nolan's letter requested that Petitioner inform him by October 5, 1978, of her plans to return to work. His letter also suggested some options regarding her employment status that she might want to consider if she was not returning to work. On October 4, 1978, Petitioner called Mr. Nolan, told him she had an appointment with her personal physician the next day, and promised to call Mr. Nolan afterwards to tell him whether or not she would be returning to work. Petitioner failed to contact Mr. Nolan as promised; hence Mr. Nolan requested the central personnel office to place Petitioner on "absent without leave" status. Petitioner subsequently was

removed from her job by letter dated October 16, 1978, effective October 13, 1978, for being absent five consecutive working days without notice to the Appointing Authority.

On an appeal from an adjudication by the State Civil Service Commission our scope of review is limited to a determination of whether or not the constitutional rights of the appellant have been violated, an error of law has been committed, or a necessary finding of fact is unsupported by substantial evidence. *Henley v. State Civil Service Commission*, 39 Pa. Commonwealth Ct. 287, 395 A.2d 330 (1978). Our scope of review encompasses the following issues raised by Petitioner.

Petitioner first argues that the Commission committed an error of law in determining that the Appointing Authority by Mr. Nolan had the authority to order Petitioner to reveal her work plans. Since Petitioner's workmen's compensation benefits were only temporarily suspended pending a referee's hearing and final decision on whether Petitioner's disability had in fact ceased, Petitioner contends her disability leave of absence had not expired and thus she should not have been made subject to an order requiring her to divulge her work plans.

While the mere filing of a termination petition with a physician's affidavit attached under Section 413 of the Workmen's Compensation Act would not in and of itself warrant the conclusion that Petitioner was physically able to return to work, knowledge of that information was clearly sufficient to trigger the inquiry made by Mr. Nolan and for him to inform the Petitioner that her workmen's compensation disability leave would be terminated. Indeed, in the instant case, the Appointing Authority did not consider the supersedeas as proof that Petitioner could resume her duties; rather, the Appointing Authority gave Peti-

tioner time to consult with her personal physician as to whether she could return to work. In fact, the Appointing Authority only made a reasonable inquiry as to whether Petitioner planned to return to work or desired to be credited with another type of leave.[2] Since a leave of absence is granted at the discretion of the appointing authority, Section 807.1 of the Civil Service Act, added by the Act of June 1, 1945, P.L. 1366, *as amended*, 71 P.S. §741.808, then the extent or termination of that leave is likewise within the discretion of the appointing authority. There is nothing in the Workmen's Compensation Act or Civil Service Act which requires the Commission to keep Petitioner on disability leave status pending a final decision by a referee on the termination petition.

Furthermore, contrary to Petitioner's assertions, by removing Petitioner the Appointing Authority does not avoid its burden of proving before the workmen's compensation referee that Petitioner's disability has ceased in order to permanently terminate workmen's compensation payments to Petitioner. Regardless of whether Petitioner is removed from her position or is placed on another type of leave status, the workmen's compensation payments continue until Appointing Authority can prove that Petitioner's disability has ceased.

Again we emphasize that the only relevancy of the proceedings under the Workmen's Compensation Act to the matter at hand is that it served to initiate an appropriate inquiry on the part of the Appointing Authority regarding Petitioner's future employment

---

[2] In Mr. Nolan's letter of October 2, 1978, he informed Petitioner that she had available 108.875 hours of said sick leave and 130.625 of annual leave. She was told she also had the choice of requesting sick leave without pay (which would be granted at the Appointing Authority's discretion, probably upon the presentation of a medical certificate from her physician).

status. Petitioner's difficulty in the instant case is her failure to respond fully to that inquiry.

Secondly, Petitioner contends that two of the Commission's findings of fact are not supported by substantial evidence. Petitioner argues that the Commission's finding (not enumerated, but contained within its adjudication) that Petitioner was absent from duty for five consecutive working days *without notice* to the Appointing Authority is not based on substantial evidence.

The words "without notice" are an essential part of the behavior constituting an abandonment of position under Section 806 of the Civil Service Act. The Civil Service Commission's regulations at 4 Pa. Code §101.51(a) provide that this notice be to the employee's "immediate superior."[3]

During the telephone conversation of October 4, 1978, between Petitioner and Mr. Nolan, Petitioner was informed that she was no longer considered as being on workmen's compensation leave. Petitioner's failure to call back Mr. Nolan after her scheduled doctor's appointment resulted in her being considered "absent without leave," which continued for five consecutive working days.

Substantial evidence supports the Commission's finding that the Appointing Authority was "without notice" *of the reason for her absence* during these days. Although Petitioner testified to the contrary, the Commission found from competent evidence that

---

[3] In the instant case, Mr. Nolan testified that he was not Petitioner's immediate superior but that an Eileen Tomczak was. Petitioner's testimony, however, was that her *only* contact with the Appointing Authority between October 4 and October 16 was to one of Nolan's secretaries. Therefore, the Commission properly found that Petitioner did not contact Nolan as she said she would, nor did she contact her immediate superior as the Commission's regulations required.

neither Petitioner nor her doctor contacted Mr. Nolan regarding the state of Petitioner's health and Petitioner's ability to return to work. Accordingly, Mr. Nolan could not be charged with constructive notice that Petitioner's disability continued nevertheless.

Finally, the Commission's finding #4 states that Petitioner answered the Commission's preliminary inquiry by stating without any reasons that her appeal was under Section 951(b) of the Civil Service Act, 71 P.S. §741.951(b).[4] Petitioner contends that in fact she appealed under Section 951(a) of the Civil Service Act, 71 P.S. §741.951(a). From the entire record it is apparent that Petitioner was making a Section 951(a) appeal, and the Commission actually treats it as such within its adjudication. This finding based on Petitioner's initial mistake being harmless error, we shall not disturb the Commission's finding. *See Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973).

For the foregoing reasons, we affirm the order of the Commission.

### Order

And Now, this 24th day of July, 1981, the order of the State Civil Service Commission, dated May 30, 1979, dismissing the appeal of Anne B. Wilson from her removal as Clerk Typist I, regular status, is hereby affirmed.

---

[4] Section 951(b) relates to violations of Section 905.1 of the Civil Service Act, 71 P.S. §741.905(a) which prohibits discriminatory personnel action because of political or religious opinions or affiliations or because of race, national origin or other non-merit factors.