607 A.2d 846

**Lisbeth MIHOK, Petitioner,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, WOODVILLE STATE HOSPITAL, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 1991.

Decided April 16, 1992.

---

Saul Davis, for petitioner.

Jason Manne, Asst. Counsel, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

SMITH, Judge.

Lisbeth Mihok has petitioned for review of the July 24, 1991 order of the State Civil Service Commission which dismissed Mihok's appeal of her removal from employment with Woodville State Hospital, Department of Public Welfare (Woodville), effective November 28, 1990. Woodville removed Mihok from her position as a psychiatric aide for failure to exercise any of the five options made available to her in a November 16, 1990 letter from Woodville reviewing Mihok's employment status.

Mihok, employed in her position since 1972, was originally injured in 1974 when a patient walked across Mihok's foot injuring her toes resulting in disability and receipt of Act

534[1] benefits for approximately eleven months. In 1986, Mihok suffered a recurrence of her original injury and received Act 534 benefits for various periods of time through November 7, 1989. On appeal by Mihok from Woodville's initial termination of her benefits in November 1988, this Court affirmed that decision but restored benefits to November 7, 1989, the date of the order of the Office of Hearings and Appeals which upheld the termination.[2] *See Mihok v. Department of Public Welfare,* 135 Pa.Commonwealth Ct. 265, 580 A.2d 905 (1990) (*Mihok I*). Benefits were restored because Mihok was not afforded a due process hearing prior to the initial termination of her benefits.

In its November 16, 1990 letter, Woodville offered Mihok five options to clarify her employment status which at the time was recorded as a leave of absence without pay and benefits. The letter required a response by November 26, 1990 and failing to reply, Mihok would be removed from her position. The options included a return to full unrestricted and unmodified duties; application for disability retirement; application for early retirement; vesting retirement monies; or resigning and withdrawing retirement contributions. Mihok did not respond until November 28, 1990 through counsel who refused to accept any of the options and continued to assert Mihok's claim for continued Act 534 benefits. As a result, Mihok was removed from her position by letter dated November 27, 1990.

1. Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. § 951. Act 534 provides in relevant part that any employee of a state mental hospital under the Department of Public Welfare who becomes injured during the course of employment by an act of any person confined in the institution, shall receive full salary until disability arising from the injury no longer prevents the employee's return to the institution at a salary equal to that earned at the time of the injury.

2. Mihok's benefits were terminated due to Dr. Bruce Tetalman's opinion that Mihok had recovered from her work-related injury and was able to return to work without restriction or limitation. After this Court's decision in *Mihok I,* Woodville denied the reinstatement claim for benefits filed by Mihok in October 1990 which is currently on appeal to the Office of Hearings and Appeals. Woodville's personnel director determined based upon statements by Mihok that she did not suffer a recurrence of her injury.

 In an appeal from the removal of a regular status employee, the appointing authority has the burden of establishing just cause for its action. *See Murphy v. Department of Public Welfare, White Haven Center,* 85 Pa.Commonwealth Ct. 23, 480 A.2d 382 (1984); Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.807. The criteria for determining just cause must be job related and in some manner rationally and logically touch upon the employee's competency and ability to perform. *Rosselli v. Reading Housing Auth.,* 116 Pa.Commonwealth Ct. 177, 541 A.2d 417 (1988); *Corder v. Civil Service Comm'n,* 2 Pa.Commonwealth Ct. 462, 279 A.2d 368 (1971). In reviewing the Commission's decision, this Court's scope of review is to determine whether Mihok's constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Murphy.*

The Commission determined that Mihok's dismissal was for just cause in that it was job related and rationally and logically touched upon her competency and ability to perform her job. The Commission stated that Mihok's refusal to exercise any of the available options related directly to the merits of her work performance, i.e., she refused to return to full, unrestricted duty thus leaving a void in the appointing authority's workforce. The Commission concluded that to retain Mihok on leave of absence status pending the conclusion of all of her claims would force Woodville to operate with less than full staffing for an indefinite period. However, the Commission acknowledged that Mihok would be returned to her job with full benefits restored if in fact she prevailed in her current appeal of the denial of her Act 534 reinstatement claim.

Mihok contends that her failure to respond by the November 26, 1990 deadline was justified in that she did not receive the certified mail notice until that date and although failing to contact Woodville upon receipt of the letter or the following day, she did notify counsel who forwarded his letter on November 28th. Also, she contends that the focus

of this appeal should be on whether or not her failure to respond by the deadline was justified, and that if this Court finds justification, there was no just cause for her removal and the appointing authority's decision should be reversed. Mihok offers no authority for her contention. Furthermore, she claims that her leave of absence status should have been continued pending appeal of the reinstatement claim; the removal notice is defective in that it fails to advise her of the grounds for removal; that the Commission exceeded its scope of inquiry in violation of her due process rights by receiving testimony concerning her entitlement to a new period of Act 534 benefits; and that the Commission's findings concerning her failure to timely respond to the November 16, 1990 letter were not supported by substantial evidence.

 It is well established that if the evidence accepted by the Commission to support its findings constitutes substantial evidence, this Court may not disturb those findings despite the existence of evidence to the contrary. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mihok I.* In light of these principles, the record demonstrates that substantial evidence does exist to support the Commission's findings that Mihok failed to timely respond to Woodville's letter by the November 26th due date and to exercise any of the options available to her.

Testimony indicates that a friend of Mihok's picked up the letter from the post office on November 26th and that Mihok did not call the personnel director or any other individual at Woodville to request an extension of time to respond, nor did she act on November 27th to either request extension or otherwise respond to the letter. Mihok simply failed to act by the required deadline and when she did respond, rejected the options and continued to assert her entitlement to reinstatement of benefits which had already been denied. Parenthetically, this is not a case where Mihok attempted to exercise one of the available options and was foreclosed from doing so because of her failure to

timely respond which necessarily would require a different analysis.

This Court held in *Wilson v. Bureau of Vocational Rehabilitation, Department of Labor & Industry*, 61 Pa.Commonwealth Ct. 41, 432 A.2d 656 (1981), that nothing in the Civil Service nor Workmen's Compensation Acts requires that an appointing authority retain an employee on disability leave status pending final disposition of outstanding claims. Moreover, pursuant to Section 807.1 of the Civil Service Act, 71 P.S. § 741.808, a leave of absence is granted at the appointing authority's discretion and the extent or termination of that leave is likewise within the appointing authority's discretion. *Wilson*. An appointing authority has just cause for dismissal of an employee who can not or will not perform the assigned job as required and may within its discretion remove that employee from employment. *Marsh v. Department of Public Welfare*, 53 Pa.Commonwealth Ct. 354, 417 A.2d 862 (1980); *Laws v. Philadelphia County Board of Assistance, Department of Public Welfare*, 50 Pa.Commonwealth Ct. 340, 412 A.2d 1377 (1980).

In view of this Court's decision in *Mihok I* affirming the ultimate termination of Mihok's benefits, Woodville acted properly in clarifying Mihok's status, and her failure to either return to full unrestricted duty or to exercise any other available options supported the appointing authority's removal for just cause.[3] It should be emphasized, however, that Woodville would not be relieved of its burden to reinstate benefits in the event denial of Mihok's reinstatement claim is overturned.

Accordingly, the Commission's order is affirmed.

3. No foundation exists for Mihok's due process or other arguments raised in this appeal; however, it should be stated that Woodville's November 27, 1990 letter to Mihok contained adequate notice of the basis for her removal to afford sufficient opportunity to answer the removal charges and to mount a defense. *Chavis v. Philadelphia County Board of Assistance, Department of Public Welfare*, 29 Pa.Commonwealth Ct. 205, 370 A.2d 445 (1977).

## ORDER

AND NOW, this 16th day of April, 1992, the order of the State Civil Service Commission dated July 24, 1991 is affirmed.