Michael G. FRANKOWSKI, Petitioner

v.

STATE CIVIL SERVICE COMMISSION (Department of Labor and Industry), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2013.

Decided May 7, 2013.

—————

Lisa Jo Fanelli–Greer, Grantham, for petitioner.

Erich M. Diehl, Assistant Counsel, Harrisburg, for respondent Department of Labor and Industry.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

Michael G. Frankowski (Frankowski) petitions this Court for review of the State Civil Service Commission's (Commission) March 14, 2012 order directing the removal of Frankowski's name from any and all eligibility lists certified to the Department of Labor and Industry (Department) for the position of Unemployment Compensation Claims Intermittent Intake interviewer for a period of one year. Frankowski raises six issues for this Court's review: 1) whether the Commission erred by failing to provide a reason for the removal; 2) whether the Commission abused its discretion by disregarding competent evidence, and/or basing its conclusions on wholly arbitrary grounds; 3) whether the Commission erred by failing to apply merit-based criteria in its evaluation; 4) whether the Commission misapplied Pennsylvania law, specifically Section 9125(b) of the Criminal History Record Information Act, 18 Pa.C.S. § 9125(b), which limits an employer's ability to use a criminal conviction in the hiring process; 5) whether the Commission violated Frankowski's rights under the United States and Pennsylvania constitutions; and 6) whether the Commission discriminated against Frankowski in viola-

tion of the "laws enforced, guidance given, and standards applied by the Equal Employment Opportunity Commission." Frankowski Br. at 6. Because Frankowski was not entitled to appeal from the Commission's action, we quash his petition for review.

On September 27, 2011, Frankowski completed and submitted to the Department a Personal Interview Form for the position of Intermittent Intake Interviewer III. On the form, Frankowski responded affirmatively to the question asking whether he had ever been convicted of a criminal offense. The form also stated:

> Note: A criminal conviction is not necessarily a bar to employment. Each case is considered on its merit. If you answered yes to any of these questions, please provide on a separate sheet which includes your name and Social Security Number, any information which clarifies or explains the disposition of all charges[,] the sentence(s) you received and the dates. If you have multiple convictions, be sure to clarify each charge and sentence.

Reproduced Record (R.R.) at 54a.

Frankowski included a separate document noting his August 2006 arrest and his subsequent March 2007 conviction for possession of child pornography in September 2004. He further stated that he had served 23 months of probation and had received extensive rehabilitation, counseling and treatment. Finally, Frankowski indicated that he had reported his conviction on the Commission's online application. Frankowski did not, however, reveal that his conviction involved 25 counts of child pornography. Frankowski also failed to disclose his felony conviction for criminal use of communication facility arising from the same conduct.[1]

---

1. Frankowski was convicted under Section 7512 of the Crimes Code, 18 Pa.C.S. § 7512,

By letter dated November 9, 2011, Amanda Lawrence, Director of the Department's Bureau of Human Resources, notified Frankowski that in accordance with Commonwealth Management Directive 580.34 (Management Directive), the Department would be requesting that the Commission remove his name from the certification list of candidates eligible for the Unemployment Compensation Intermittent Intake Interviewer III class title (Eligible List). The letter explained that the action was being taken because "the Department has determined that you are not suitable for hire in this classification due to your criminal convictions and recent employment separations as disclosed on your employment application." R.R. at 70a. It further stated:

> The PA State Police Department confirms your criminal offense for 25 counts of Possession of Child Pornography and further indicates that you are currently a registered sexual offender under Pennsylvania's Megan's Law. Additionally, your PA State Police check indicates that you pled guilty to Criminal Use of Communication Facility in March, 2007.
>
> The severity of the crimes for which you have been convicted pose serious concerns about your suitability for hire as a III. Specifically, your criminal conviction for 25 counts of possession of Child Pornography under 18 Pa.C.S. § 6212 as well as your failure to disclose your felony conviction for Criminal Use of Communication Facility pursuant to 18 Pa. C.S. § 7522 directly reflect on the integrity and responsibilities required to perform job functions as a III. Based on this information, the Commonwealth has no alternative but to conclude that you lack the 'good moral character' stated in the III job announcement.

> UC Claim Intermittent Intake Interviewers work with confidential and sensitive information such as social security numbers, addresses, birth dates and unemployment compensation checks. Your criminal convictions not only raise issues regarding your ability to handle(ing) sensitive information but also pose an increased risk to Commonwealth employees and others and question your ability to properly access the internet and Unemployment Compensation system. The Department cannot knowingly put its current employees and others at risk nor compromise the use of its computer system.

R.R. at 70a–71a. The letter also referenced Frankowski's prior employment history as an additional basis for the proposed action. The Department informed Frankowski that he had ten business days to respond and explain why the Department's action was unwarranted.

By correspondence dated November 23, 2011, Frankowski's attorney, Lisa Jo Fanelli–Greer (Fanelli–Greer), responded to the Department's November 9, 2011 letter, explaining that Frankowski did not attempt to mislead the Department or conceal his conviction history. Fanelli–Greer maintained that the conviction for criminal use of communication facility arose from and related exclusively to the same pornography charges and conviction that Frankowski disclosed. Further, the Personal Interview Form clearly explained that a criminal history check would be conducted, and thus, Frankowski believed the Department would be made fully aware of the criminal conviction arising from the child pornography arrest. Fanel-

---

which, among other things, prohibits the use of computer transmissions to engage in unlawful conduct.

li–Greer noted that nothing on the form required Frankowski to disclose that he is subject to Megan's Law requirements. Finally, Fanelli–Greer challenged the Department's contention that Frankowski's conviction record rendered him ineligible for the position, asserting that Frankowski's conviction history did not relate directly or indirectly to his ability to perform the job duties.

On December 11, 2011, the Department filed with the Commission a List Removal Request to eliminate Frankowski's name from the Eligible List. The filing included an attachment containing justifications for its request similar to those contained in the November 9, 2011 letter. By December 14, 2011 letter, the Commission advised Frankowski that the Department had requested the removal of his name from the Eligible List, and provided him ten days to respond. On December 24, 2011, Fanelli–Greer responded, referencing the Department's November 9, 2011 letter and requesting oral argument before the Commission. Oral argument was held on February 16, 2012. At the proceeding, the Commissioner advised the parties that "this is a proceeding convened pursuant to Management Directive 580.34, and the significance of that is the opportunity for the parties to state their position for the record. It is not an opportunity for the Commissioner to hear facts or decide facts." R.R. at 36a. Each party was provided seven and one-half minutes for argument as was within the Commission's discretion pursuant to the Management Directive. Management Directive 580.34 § 7(b)(1)(b).

On March 14, 2012, the Commission issued an order stating:

> AND NOW, upon careful review of the [Department]'s List Removal Request

dated December 6, 2011, [Frankowski]'s response thereto, the oral arguments and other written submissions presented by the parties, the [Commission] hereby grants the [Department]'s List Removal Request. We direct and order the removal of Michael G. Frankowski's name from any and all eligible lists certified to the [Department] for the position of Unemployment Compensation Claims Intermittent Intake Interviewer.... for a period of one year retroactive to December 6, 2011.

R.R. at 138a. The Commission did not issue an opinion or further explanation for its order. Frankowski appealed to this Court.

The process for an appointing authority to request removal of an individual's name from a Civil Service eligible list is governed by Section 97.13 of the Commission's Regulations which provides:

> An objection to the eligibility for certification or appointment of an eligible whose name appears on a certification shall be promptly raised by the appointing authority using the process established by the Director as set forth in Management Directive 580.34 (as amended) (relating to removal of eligibles for certification or appointment in the classified service). If the objection is sustained by the Director or Commission, the appointing authority need not consider the eligible for appointment.

4 Pa.Code § 97.13. Management Directive 580.34 applies to all Commonwealth agencies with classified service positions under the Civil Service Act[2] (Act). The Management Directive provides that an appointing authority may request the Commission to remove an individual from a Civil Service eligible list and establishes guidelines for the Commission's review of such requests.[3]

---

**2.** Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1—741.1005.

**3.** Management Directive 580.34 has the force of law because it was based upon authority

Those guidelines require, among other things, that requests for removal be merit-related, that such requests include a description of the underlying basis for the request, and that all supporting documentation is supplied. The Management Directive also provides that the Commission may, at its discretion, grant a request for oral argument. In the instant action, the Commission allowed oral argument, and ultimately granted the request for removal of Frankowski's name from the Eligible List.

■ Section 702 of the Administrative Agency Law (Law) provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals...." 2 Pa.C.S. § 702. Section 101 of the Law defines an "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made...." 2 Pa.C.S. § 101. The law is well established that "an applicant for public employment possesses no property right or other vested interest in the prospective employment." *Brletic v. Municipality of Monroeville,* 64 Pa.Cmwlth. 431, 440 A.2d 686, 688 (1982). Accordingly, the Commission's decision to remove Frankowski's name from the Eligible List was not an adjudication, and thus, Frankowski could not appeal from the Commission's decision pursuant to Section 702 of the Law.

■ In addition, the Act does not grant prospective employees the right to appeal a merit-related eligible list removal. In fact, Section 28(c) of the Act expressly denies probationary employees a right of appeal when their employment is terminated for unsatisfactory work. 71 P.S. § 741.1005(c).[4] Therefore, a person who is not yet an employee has no right to a hearing simply because he was not offered employment for a reason not contrary to law.

In the instant matter, Frankowski contends that he was subjected to discrimination when the Commission approved the removal of his name from the Eligible List based upon his prior criminal conviction.

■ Section 905.1 of the Act provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

71 P.S. § 741.905a.[5] Pennsylvania Courts have recognized that:

no one has a constitutional right to demand that the government create public employment in order to provide him with a job. However, once the government decides to create employment positions, it may not summarily reject an individual's employment application on the ground that the individual has a prior criminal record, unless in doing so

---

conferred by regulation. *See Pennsylvania Game Comm'n v. State Civil Serv. Comm'n (Taccone),* 789 A.2d 839, 842 n. 3 (Pa.Cmwlth. 2002).

**4.** Act of August 27, 1963, P.L. 1257, § 28(c).

**5.** Section 905.1 was added by the Act of August 27, 1963, P.L. 1257, *as amended,* 71 P.S. § 741.905a.

the government is furthering a legitimate governmental goal.

*Hunter v. Port Auth. of Allegheny Cnty.,* 277 Pa.Super. 4, 419 A.2d 631, 635 (1980). Consequently, Frankowski may have been entitled to pursue a claim that the removal of his name from the Eligible List violated Section 905.1 of the Act. However, the Act provides a specific method for challenging alleged unlawful discrimination. Section 951(b) of the Act provides in relevant part:

> Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the [C]ommission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the [C]ommission shall promptly schedule and hold a public hearing.

71 P.S. § 741.951(b).[6] Thus, in order to contest the alleged unlawful discriminatory conduct, Frankowski was required to file an appeal with the Commission pursuant to Section 951(b) of the Act.[7] *See Dep't of Corr. v. Weaver,* 146 Pa.Cmwlth. 381, 606 A.2d 547 (1992). Had Frankowski done so, the Commission would have held a hearing in accordance with Section 951(b) of the Act. The instant action is not the proper forum for such a claim. Frankowski failed to utilize the method established by the general assembly for hearing and adjudicating such a claim, and it may not be heard here. The allegation in the petition for review, that the removal of Frankowski's name from the Eligible List was discriminatory, does not confer upon this Court the right to review a merit-related eligible list removal.

For all of the above reasons, Frankowski's petition for review is quashed.

### *ORDER*

AND NOW, this 7th day of May, 2013, Michael G. Frankowski's petition for review is quashed.

---

6. Section 951 was added by the Act of August 27, 1963, P.L. 1257.

7. Section 105.12(c) of the Rules of the Civil Service Commission provides:

> (c) Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed. Specific facts which should appear on the appeal form include:
> (1) The acts complained of.
> (2) How the treatment differs from treatment of others similarly situated.
> (3) When the acts occurred.
> (4) When and how the appellant first became aware of the alleged discrimination.
> 4 Pa.Code § 105.12(c).