**Paul MANSFIELD, Petitioner,**

v.

**STATE CIVIL SERVICE COMMISSION (DEPARTMENT OF LABOR AND INDUSTRY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 28, 2012.

Decided June 25, 2013.

Paul Mansfield, pro se.

Beth S. Harris, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

Paul Mansfield, *pro se*, petitions this Court for review of an order of the State Civil Service Commission removing Mansfield's name from the civil service eligibility lists for positions at the Pennsylvania Department of Labor and Industry. The removal was for a period of one year for two positions, and three years for a third position. Mansfield assigns multiple errors to the Commission's removal decision. Because the Commission's determination is beyond judicial review, we quash Mansfield's petition for review.

On January 29, 2009, Mansfield began working for the Department of Labor and Industry as an intermittent intake interviewer at the Philadelphia Unemployment Compensation Service Center for a three-month probationary period. On April 20, 2009, the Department suspended Mansfield, and on April 28, 2009, the Department informed Mansfield that it was terminating his employment for lack of satisfaction with his job performance. Specifically, Mansfield had demonstrated a lack of respect in his dealings with his supervisors; had accessed his own unemployment compensation information; and had improperly removed sign-in sheets and client determination records from the office.

Mansfield applied for unemployment compensation benefits and the Department opposed his application. The Department also requested that Mansfield's name be removed from the Civil Service Commission's eligibility lists for positions with the Department of Labor and Industry. The Commission granted the request and removed Mansfield from the eligibility list for intermittent intake interviewer for a period of one year retroactive to August 17, 2009, and from the eligibility list for referee for a period of three years retroactive to November 12, 2009.

On July 15, 2011, the Unemployment Compensation Board of Review granted benefits to Mansfield. In doing so, the Board observed that it was a "very close case." Reproduced Record at 16a (R.R. ——). Nevertheless, the Board concluded that Mansfield's "actions and demeanors," which caused the Department to dismiss him at the end of his probationary employment, did not rise to the level of willful misconduct. *Id.*

On September 30, 2011, the Department of Labor and Industry again requested the Civil Service Commission to remove Mansfield's name from the eligibility lists for open positions including: clerk typist 2; intermittent intake interviewer; clerk 2; equal opportunity specialist 1; employ-

ment interviewer; and disability claims adjudicator trainee. The Department stated that its request was merit-related, explaining that Mansfield's "intolerable behaviors" during his probationary employment had led the Department to conclude that he was not suitable for the listed jobs. R.R. 430a–431a.

The Commission advised Mansfield of the Department's request, and Mansfield responded with a request for oral argument before the Commission. Argument was held on November 17, 2011. At the beginning of the argument, the Commission explained as follows:

> [T]his is a proceeding convened pursuant to Management Directive 580.34, and the significance of that is this is an opportunity for the parties to state their position for the record. It is not an opportunity for the Commission to hear facts or decide facts.

Certified Record Item No. 1; Oral Argument Transcript at 8. The parties were each given seven and one-half minutes to present their argument, and they did so. On December 19, 2011, the Commission entered the following order:

> AND NOW, upon careful review of the Department of Labor and Industry's List Removal Request dated September 30, 2011, Respondent's response thereto, the oral arguments and other written submissions presented by the parties, the State Civil Service Commission hereby grants, as modified, the Department of Labor and Industry's List Removal Request. Inasmuch as the Unemployment Compensation Board of Review found that Respondent's conduct was not the product of willful misconduct, although his removal from the Philadelphia Service Center work location was justified nonetheless, we decline to remove him from all lists certified to the entire appointing authority,

as requested; but we also agree he should not return to work at the Philadelphia Service Center work location. Accordingly, we direct and order the removal of Paul Mansfield's name from any and all eligible lists certified to the Office of Unemployment Compensation Benefits, Philadelphia Service Center work location only, for the positions of Unemployment Compensation Claims Intermittent Intake Interviewer and Clerk 2 (Classification Codes 06590 and 00120), for a period of one year, as well as for the position of Equal Opportunity Specialist 1 (Classification Code 05221), for a period of three years, all removals retroactive to September 30, 2011. Respondent's name will not be removed from lists issued for other appointing authority work locations for which he has made himself available. Although Respondent has also asked the Commission to rescind our previous determination of LR2009–038 removing his name from the eligible list for Unemployment Compensation Appeals Referee until November 11, 2012, that Order is final, is not before the Commission for review, and has not and will not be altered in any way by this decision.

R.R. 22a–23a. In response to this order, Mansfield filed the instant petition for review.

On appeal, Mansfield raises a number of issues. First, Mansfield argues that in light of the Unemployment Compensation Board of Review's conclusion that he did not engage in willful misconduct, the Commission erred by not holding a full evidentiary hearing before granting the Department's request. Second, Mansfield asserts that it was unreasonable for the Commission to remove his name from the eligibility list for intermittent intake interviewer when it had previously removed him from that list for a period of one year. Third,

Mansfield argues that there was no basis to strike his name from the list for clerk 2 and equal opportunity specialist given the outcome of his successful litigation before the Unemployment Compensation Board of Review. Fourth, Mansfield contends that the Commission erred in imposing a geographical restriction on his eligibility because he would no longer have to report to the same supervisors at the Philadelphia UC Service Center that were there when his employment was terminated in 2009. Finally, Mansfield argues that the Commission's 2009 removal of his name from the referee list was premature in light of the ultimate determination that he did not commit willful misconduct. Mansfield asks this Court to order the Commission to reinstate his name to the eligibility list for referee and to order the Department to hire him inasmuch as he would have been working as a referee since 2009 but for the Department's unfounded accusation of willful misconduct.

■ The Civil Service Commission's order does not contain findings of fact and conclusions of law that are required in an agency's adjudication. 2 Pa.C.S. § 507.[1] The absence of findings of fact and conclusions of law makes it impossible to evalu-

ate the substance of Mansfield's claims. However, the Commission was not required to comply with the Administrative Agency Law when it removed Mansfield's name from the eligibility list. This is because its decision to remove Mansfield's name from the list was not an "adjudication," which is a final order that affects "personal or property rights [or] privileges" recognized under statute or constitution. 2 Pa.C.S. § 101.[2]

■ It is well-settled that an individual does not have a property right in a government job he does not yet have. *Marino v. Commonwealth of Pennsylvania, Pennsylvania State Police*, 87 Pa. Cmwlth. 40, 486 A.2d 1033 (1985) (holding State Police cadets did not have a property interest in positions with the State Police because they were not yet employees); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Nor does the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1–741.1005, give a prospective employee the right to challenge the Commission's decision to remove him from the certified list of eligible employees so long as the removal is not the result of untoward discrimination.[3] Section 28(c) of

---

1. The Administrative Agency Law states, in relevant part, as follows:
   All adjudications of a Commonwealth agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail.
   2 Pa.C.S. § 507.

2. An "adjudication" is defined as follows:
   Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.
   2 Pa.C.S. § 101.

3. Discrimination can be challenged. Section 951(b) of the Civil Service Act, added by the

Act of August 27, 1963, P.L. 1257, does give prospective and current employees the right to a hearing if they allege discrimination in any personnel action with respect to public employment. Section 951(b) states, in pertinent part:
   (b) Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.
71 P.S. § 741.951(b). Section 905.1, added by the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a, prohibits discrimination, *inter alia*, in hiring. Mansfield did not file a discrimination complaint with the Civil Service Commission pursuant to Section 951(b).

the Civil Service Act expressly denies probationary employees who are discharged for unsatisfactory work the right to challenge their discharge. 71 P.S. § 741.1005(c).[4] If a probationary employee has no right to challenge his discharge, *a fortiori*, a person has no right to challenge his removal from a list of eligible employees.

■ The removal of a prospective employee from the eligibility list is governed solely by a management directive. A management directive is one of several tools used by the Governor to manage executive branch agencies and employees under the Governor's control. *Cutler v. State Civil Service Commission*, 924 A.2d 706, 710–12 (Pa.Cmwlth.2007) (explaining the nature of a management directive and how it differs from an administrative agency regulation promulgated under the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–1602, and 45 Pa.C.S. §§ 501–907).

Management Directive 580.34 sets forth the procedure by which an executive branch agency under the Governor's management, known as the "appointing authority," may seek to have a prospective employee removed from the Civil Service Commission's certified list of eligible employees for positions with that agency. Management Directive 580.34 requires the appointing authority to submit this request in writing to the Civil Service Commission and to notify the prospective employee who is the subject of the request. Management Directive 580.34(7)(a)(1), (2).[5]

---

4. Section 28(c) states:
   Any person serving such probationary period may, at any time within such period (i) upon written notification of satisfactory work being submitted to the director by the appointing authority, countersigned by the Budget Secretary, receive regular employment status, *or (ii) upon written notification of unsatisfactory work being submitted to the director by the appointing authority, countersigned by the Budget Secretary, be separated from the classified service without the right of appeal.* If no prior notification is given as provided in (i) or (ii) above before any person serving such probationary period receives regular employment status, the written notification of satisfactory work required by section 603(b) shall be submitted to the director, countersigned by the Budget Secretary. If the written notification to the director at such time, countersigned by the Budget Secretary, is of unsatisfactory work or in the absence of the written notification of satisfactory work, such person shall be separated from the classified service without the right of appeal.
   71 P.S. § 741.1005(c) (emphasis added).

5. It states as follows:
   Procedures.
   a. Appointing Authorities:
   (1) Contact the eligible in writing and disclose its intent and reasons for requesting the removal of the eligible's name from the eligible list. The eligible must be given ten calendar days from the mailing date on the notification letter to respond to the appointing authority, either verbally or in writing. A copy of any written response or a summary of any verbal response from the eligible must be included with each request when it is submitted to the [State Civil Service Commission] or the request may be returned without action.
   Note: When the request for removal is based on an eligible's previous regular classified service employment in the same classification or classification series from which the eligible was removed from employment for performance or disciplinary reasons within a two year period preceding the date of the current certification of eligibles, the appointing authority need not contact the eligible and may submit its request directly to the Executive Director, [State Civil Service Commission].
   (2) Submit Form SCSC–5275, Request for Removal of Eligible, to the [State Civil Service Commission] to request the removal of an eligible from one or more certification(s) upon which the eligible's name appears, or from Form SCSC–91, Certification of Eligibles, issued to the appointing authority.
   Management Directive 580.34(7)(a)(1) and (2).

The appointing authority must provide a "merit-related" reason for the removal request, that is, the "reason must touch upon the eligible's competency and ability to perform in the position for which the eligible list has been prepared." Management Directive 580.34(7)(a)(2)(a). The Management Directive vests the Commission with "sole discretion" to decide whether to hold an evidentiary hearing on the agency's request for the removal; to hold a short oral argument; or to grant the request without an oral argument. Management Directive 580.34(7)(b)(1)(a)-(d).[6] When the Commission decides to grant oral argument, it "inform[s] both parties of the decision made." Management Directive 580.34(6)(b)(2).

■ An individual's appearance on an eligibility list is a matter for the Commission and the appointing authority. The Management Directive, not the Administrative Agency Law, defines the parameters for the entire process, and it does not itself confer rights on prospective employees. Mansfield had no constitutional or statutory right to remain on·the Commission's list of eligible employees. Likewise, he had no right to an evidentiary hearing. The seven and one-half minutes of argument he received was by grace of the Commission. The Commission's decision to remove Mansfield from the eligibility list after that argument was not an adjudication subject to this Court's review.

This Court recently held that the Commission's decision to remove a prospective employee's name from an eligibility list is beyond judicial review. *Frankowski v. State Civil Service Commission (Department of Labor and Industry)*, 68 A.3d 1020, 2013 WL 1881562 (Pa.Cmwlth., No. 638 C.D.2012, filed May 7, 2013). We explained that the Civil Service Act does not give prospective employees removed from an eligibility list a right to obtain a hearing on that removal or to appeal the Commission's removal decision.[7] Neither does

---

**6.** It states as follows:

(a) If a timely response to the list removal request is filed, the eligible may request an opportunity for oral argument before the Commission.

(b) *At its sole discretion, the Commission may grant or deny the request. If denied, the request will be decided without oral argument. If the request for oral argument is granted, the oral argument will be promptly scheduled by the Commission.* The appointing authority submitting the list removal request will be responsible for designating an attorney or non-attorney representative to appear at the oral argument to support the request. The eligible may appear to argue in person or be represented by legal counsel. Each side will be allowed seven and one-half minutes for the oral argument.

(c) Only one oral argument will be scheduled by the Commission for each request. If either party is not able to appear, the argument will proceed with the other party only. If neither party can appear, the argument will be cancelled and the request will be decided without oral argument.

(d) When a timely response is received but oral argument is not requested, the Commission will review the appointing authority's request and the eligible's response and render a determination. When an oral argument is requested and scheduled, the Commission may render its decision on the request immediately at the conclusion of the oral argument or the decision may be deferred to allow additional time for deliberation. *The Commission may, at its discretion, schedule a hearing in order to make a determination on the appointing authority's request.*

Management Directive 580.34(b)(1)(a)-(d) (emphasis added).

**7.** As noted, a prospective employee may file a discrimination complaint under Section 951(b) of the Civil Service Act, 71 P.S. § 741.951(b), if he wishes to prove removal from the eligibility list by reason of a non-merit reason, such as racial or gender discrimination.

Management Directive 580.34. The Administrative Agency Law's requirement that an agency must hold a formal administrative hearing before issuing an adjudication has no application to an agency's request of the Civil Service Commission to remove a prospective employee from a certified eligibility list.

Accordingly, Mansfield's petition for review is quashed.

**ORDER**

AND NOW, this 25th day of June, 2013, the petition for review filed by Paul Mansfield is hereby QUASHED.