DISSENTING OPINION BY
Judge BROBSON.
As the majority notes, Petitioners in this matter challenge two orders issued by the Pennsylvania Insurance Commissioner (“Commissioner”), both dated December 23, 2014. The first denied Petitioners’ motion to intervene (Intervention Order) in the Pennsylvania Insurance Department’s (Department) consideration of the “Form A” filing of Armour Group Holdings Limited, through its subsidiary Trebuchet U.S. Holdings, Inc. (Armour), by which Armour sought Department approval of its acquisition of certain Pennsylvania domestic insurance companies pursuant to Article XIV of-the Insurance Company Law of 1921, commonly referred to as the Insurance Holding Companies Act (IHCA).[1] The other order approved the acquisition (Approving Determination).[2]
The majority affirms the Intervention Order. I agree with the majority that under the Pennsylvania Supreme Court’s decision in LaFarge Corporation v. Commonwealth of Pennsylvania, Insurance Department, 557 Pa. 544, 735 A.2d 74 (1999) (LaFarge II), the procedures set forth in the IHCA govern the Department’s review and consideration of Form A filings. The more stringent procedural requirements of the Administrative Agency Law (AAL), 2 Pa.C.S. §§-101, 501-508, and 701-704, and, as a consequence, the General Rules of Administrative Practice and Procedure (GRAPP),[3] do not apply to the Department’s consideration of Form A filings under the IHCA. Accordingly, Petitioners’ motion to intervene cannot be con- . sidered a motion to intervene under GRAPP. - At best; the motion was nothing more than an informal request by Petitioners -to- play a more active role in the Department’s regulatory review of the Form A filing- under the IHCA. Because, for reasons explained by the majority and in LaFarge II, Petitioners had no right to participate as a full party in the Form A filing process, the decision denying the motion to intervene cannot be considered an “adjudication” under the AAL over which this Court has appellate jurisdiction. See Baker v. Pennsylvania Human Relations Comm’n, 507 Pa. 325, 489 A.2d 1354, 1357-58 (1985) (holding that agency action that is not adjudication is not appealable *1100 under AAL); Mansfield v. State Civil Serv. Comm’n (Dep’t Labor & Indus.), 68 A.3d 1062 (Pa.Cmwlth.2013) (quashing appeal from agency determination that was not adjudication); 2 Pa. C.S. § 101 (definition of “adjudication”).[4] Accordingly, unlike the majority, I would quash Petitioners’ appeal of the Intervention Order for lack of jurisdiction.
As for the appeal from the Approving Determination, I would follow this Court’s en banc decision in Philadelphia County Medical Society v. Kaiser, 699 A.2d 800 (Pa.Cmwlth.1997) (en banc) (PCMS). Like this case, PCMS involved a direct appeal by opponents to an approving determination under the IHCA where no formal administrative proceeding preceded the Department’s approving determination. This Court held that the direct appeal, under the circumstances, was “premature”:
Because, by definition, an agency action only results in an adjudication when there is a final order, only when those administrative appeals have been exhausted will the agency action become an adjudication subject to judicial review. Of course, if a party does not timely seek to have a hearing from an adverse agency adjudication, the adjudication becomes final and unappealable.
Even though the agency action has a direct impact on the person’s rights or privileges, and is final so as to fall within the definition of an “adjudication”, the action is not “valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be ■ heard.” 2 Pa.C.S. § 604. Until a hearing is held before the administrative agency and a record of that hearing made, Section 604 of the Administrative Agency Law provides that the adjudication is not valid or effective. The reason behind this requirement is that judicial review, absent a valid administrative adjudication or proper record, is a “premature interruption of the administrative process.” Moreover, until a hearing, and, if necessary, the taking of evidence where facts are disputed, the issues cannot be properly clarified, whether there is a direct interest of the party taking the appeal and questions of fact sufficiently resolved to create a record upon which judicial review can be conducted.
PCMS, 699 A.2d at 806 (citations omitted) (footnotes omitted). Rather than dismiss the appeal for lack of jurisdiction, the Court transferred the matter to the Department with the following instructions:
[W]e will transfer this case back to the Department to consider whether Opponents’ interests are sufficiently direct so as to be a “party” and, if so, conduct sufficient hearings to resolve any factual disputes. Because in the absence of a hearing before the Department, no “final order” of the Department is before us, Opponents’ judicial review is premature and we will transfer the case to the Department for such a hearing.
Id. at 807.
The majority briefly mentions PCMS in footnote 8 of the majority opinion, but it dismisses its importance in light of the Supreme Court’s decision in LaFarge II, overruling this Court’s decision in La-Farge Corporation v. Commonwealth of Pennsylvania, Insurance Department, 690 A.2d 826 (Pa.Cmwlth.1997) (LaFarge I). *1101 The Court’s decision in PCMS, however, was not based on LaFarge I. Indeed, La-Farge I is not even cited in the Court’s opinion in PCMS. That is because the two cases addressed two different questions. LaFarge I and LaFarge II focused on the procedures that the Department must follow prior to approving certain corporate transactions by and between insurance companies in order to afford the public “due process.” PCMS, by contrast, addressed the questions of whether an approving determination under the IHCA, once issued, is an adjudication appealable to this Court and the availability of post-approval formal proceedings within the Department to challenge an approving determination. The Supreme Court did not disapprove of this Court’s disposition in PCMS in LaFarge II (nor did it cite it at all), and this Court has never overruled it.
For these reasons, I would quash the appeal of the Intervention Order and transfer the appeal of the Approving Determination to the Department in accordance with PCMS. Upon transfer, the Department would conduct a formal proceeding in accordance with the AAL and GRAPP to determine Petitioners’ standing to challenge the Approving Determination. If the Department would conclude that Petitioners had standing, the Department would then proceed to adjudicate Petitioners’ challenge to the approving determination. I, therefore, respectfully dissent.

. Act of May 17, 1921, P.L. 682, as amended, 40 P.S §§ 991.1401-.1413.

. The IHCA expressly refers to decisions approving a Form A filing as an “approving determination.” Section 1402(f)(2) of the IHCA, 40 P.S. § 991.1402(f)(2).

.1 Pa.Code. Chs. 31-35. The Department has adopted portions of GRAPP, including the rules governing intervention. 31 Pa.Code § 56.1.

. An "adjudication” is defined as follows:
Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.
2 Pa.C.S. § 101.