# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ashley C. McKnight,                                    :
                            Petitioner              :
                                                       :
              v.                                    :   No. 670 C.D. 2018
                                                       :   Argued: February 11, 2019
State Civil Service Commission                       :
(Department of Human Services),                     :
                            Respondent              :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE P. KEVIN BROBSON, Judge

OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED: March 19, 2019

        Ashley C. McKnight (Applicant) petitions for review of the March 26, 2018 Order (Order) of the State Civil Service Commission (Commission) denying her appeal and hearing request (Appeal Request). In February 2018, the Commission issued a decision (Removal Decision) granting the Department of Human Services' (Department)[1] request to remove Applicant's name from the Civil Service List of Eligibles for the Registered PRN Nurse classification (List).[2]  In response,

_____

[1] Applicant filed her petition for review with this Court naming the Commission and the Department as respondents. By letter to this Court dated October 3, 2018, the Department provided notice that it will not participate in this appeal.

[2] Commission regulations define an "eligible list" as "[a]n employment list, promotion list, or reemployment list." 4 Pa. Code § 91.3. An "eligible" is "[a] person whose name is on an eligible list." *Id.* An eligible can be removed from an eligible list if the appointing authority raises an objection as to the certification of the eligible. If the Commission sustains the
**(Footnote continued on next page…)**

Applicant sent the Appeal Request, which the Commission denied because Applicant did not provide sufficient allegations of discrimination. Applicant now seeks review of the Commission's Removal Decision and Order, arguing the Commission erred in issuing both.

## I. Facts

In August 2017, Applicant applied for a registered PRN nurse position at Torrance State Hospital. (Reproduced Record (R.R.) at 4a.) On December 15, 2017, the Department conditionally offered Applicant employment, contingent upon completion of a successful background check. (*Id.* at 7a.) During the background check, the Department became aware of an incident involving Applicant while she was employed as a licensed practical nurse with the Department of Military and Veterans Affairs. (*Id.* at 8a.) Applicant's manager from the Department of Military and Veterans Affairs informed the Department of an alleged error of Applicant, who was on probationary status at the time. (*Id.*) Based upon this information, the Department withdrew its conditional offer of employment on December 18, 2017. (*Id.* at 13a.) Shortly thereafter, the Department notified Applicant that it was requesting the Commission to remove Applicant's name from the List based upon the allegations from the negative employment reference. The Department reasoned that Applicant's error and not notifying a supervisor of the error made her an unsuitable candidate for a registered PRN nurse position. (*Id.* at 14a.) Applicant sent a written response to the

---

(continued…)

objection, "the appointing authority need not consider the eligible for appointment." 4 Pa. Code § 97.13.

2

Department, arguing that the allegations in the employment reference were false and were found insufficient to support disciplinary action after investigation by the Office of General Counsel, Bureau of Professional and Occupational Affairs. (*Id.* at 15a.)

In January 2018, the Commission mailed Applicant a notice of the Department's request for removal and notified Applicant of her right to oppose this action and request a hearing by completing the enclosed response form. The notice explained that Applicant could challenge her removal by questioning the validity of the Department's justification or alleging a claim of discrimination. The notice also informed Applicant that if she did not request a hearing, a determination would be made "based solely upon [her] written response and any supporting documentation." (*Id.* at 18a.) Applicant, pro se, filed the form opposing the removal and attached a written response, a letter of recommendation, and her résumé in support. In her letter, Applicant denied the allegations in the employment reference and recounted her positive employment history, which included no complaints or disciplinary actions. She also cited the lack of official discipline after the Office of General Counsel's investigation. On the section of the response form providing the option to either request or decline a hearing, Applicant checked both the box affirmatively requesting a hearing and the box declining to request a hearing.[3] (*Id.* at 20a-25a.) No hearing was scheduled, and the Commission, considering Applicant's written response and corresponding

---

[3] The relevant section of the response form stated "[d]o you request an opportunity to appear before the executive director or designee to present oral argument in response to this request?" (R.R. at 20a.) Applicant checked the box reading "YES, I would like to appear before the Executive Director or Designee." (*Id.*) Above this, Applicant wrote, "Letter is not sufficient." (*Id.*) Applicant also checked the adjacent box reading, "NO, my written response adequately states my position." (*Id.*)

3

documentation, decided to grant the Department's request. (*Id.* at 26a.) In its Removal Decision, the Commission notified Applicant it was removing her name from the List for two years retroactive to January 12, 2018, the date upon which the Department requested removal. The Commission also informed Applicant that she may appeal the Removal Decision by completing the enclosed form. Pursuant to Section 905.1 of the Civil Service Act,[4] 71 P.S. § 741.905a, the Commission specified in its Removal Decision that an appeal could **only** be based on a claim of discrimination, not disagreement with the final decision. (*Id.*)

Applicant completed the form to appeal. Under the section entitled "Types of Discrimination Alleged," Applicant selected "Other Non-Merit Factors (Explain)." (*Id.* at 29a.) In an attached letter, Applicant contested the removal of her name from the List, reiterating her denial of the accusation and asserting "Torr[a]nce State Hospital has discriminated against me in the fact that they denied me employment . . . on the basis of a negative employment reference" containing "false allegations that were investigated and unfounded." (*Id.* at 31a.) Applicant also argued that the Department of Military and Veterans Affairs discriminated against her "by providing false accusations to potential employers." (*Id.*) The Commission then issued its Order denying Applicant's Appeal Request, reasoning that Applicant had not detailed any acts that would constitute discrimination. Applicant now petitions for review.

---

[4] Act of August 5, 1941, P.L. 752, *as amended*, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a. Specifically, Section 905.1 prohibits discrimination in various aspects of employment, including recruitment or promotion. Section 905.1 is being repealed, effective March 28, 2019. Act of June 28, 2018, P.L. 460, 71 Pa. C.S. §§ 2101–3304. Although it does not alter our decision here, we note that the updated section, 71 Pa. C.S. § 2704, is substantially similar to the current version of Section 905.1.

## II. Issues

Before this Court,[5] Applicant, who is now represented by counsel, argues that the Commission erred both in issuing its Removal Decision and in denying her Appeal Request. Applicant contends that the Commission's Removal Decision was not based upon merit-related criteria because the alleged incident forming the basis for the Removal Decision was remote in time and a one-time occurrence, as demonstrated by her overall positive professional history and lack of formal discipline. Applicant also asserts that the Commission should have granted her request for a hearing prior to its Removal Decision. Even if her request for a hearing was not clear, Applicant argues, the Commission should have exercised its discretion to schedule a hearing. Mentioning that in two cases where the Commission provided hearings, the petitioners were male, Applicant also implies the Commission abused its discretion when it did not provide her, a female, with a hearing. With regard to the Commission's Order denying the Appeal Request, Applicant argues that the Commission abused its discretion and erred as a matter of law when it dismissed her Appeal Request for insufficient allegations of discrimination because she should have been able to appeal the Department's justification for requesting removal. Alternatively, Applicant argues that she did make sufficient allegations of discrimination in her Appeal Request, as the

---

[5] Our review "is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, whether the provisions of 2 Pa. C.S. §§ 501–508 (related to practice and procedure of Commonwealth agencies) have been violated, or whether the factual findings are supported by substantial evidence." *Allen v. State Civil Serv. Comm'n*, 992 A.2d 924, 927 n.2 (Pa. Cmwlth. 2010). Additionally, the Commission's decision to deny Applicant's Appeal Request "is a matter of administrative discretion and as such will only be reversed for an abuse of discretion." *Reck v. State Civil Serv. Comm'n*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010).

5

negative employment reference was false, no disciplinary action was taken, and she has a positive work history.

The Commission, citing *Frankowski v. State Civil Service Commission*, 68 A.3d 1020 (Pa. Cmwlth. 2013) (*Frankowski I*), responds that its Removal Decision is not a final order appealable to this Court. Further, the Commission asserts that its Order, the only reviewable decision before this Court, was proper. The Commission contends that Applicant did not meet the legal standard to show specific acts of discrimination; thus, the Commission did not abuse its discretion when it denied the Appeal Request. Nevertheless, the Commission asserts that its Removal Decision was merit-related and Applicant's contention otherwise does not succeed. The Commission urges us to affirm the Order denying Applicant's Appeal Request.

## III. Discussion

### a. Removal Decision

Applicant contests the Commission's Removal Decision, arguing that it was based on non-merit criteria. Applicant cites to Management Directive 580.34, which governs the procedure for removal of eligibles and requires that the removal be for merit-related reasons. According to Applicant, the allegations in the negative employment reference could not be considered merit-related because they are false and did not lead to disciplinary action. Further, Applicant argues that the Removal Decision was in error because the Commission did not allow her a hearing nor did it consider all the documentation she provided in opposition to her removal from the List. The Commission argues that, in accordance with *Frankowski I*, the Removal Decision is not reviewable by our Court.

6

The Administrative Agency Law provides that an aggrieved person with a direct interest in an adjudication of a Commonwealth agency has the right to appeal that adjudication. Section 702 of the Administrative Agency Law, 2 Pa. C.S. § 702. An "adjudication" is any "final order, decree, decision, determination or ruling by an agency affecting" the rights or obligations of a party in the proceeding. Section 101 of the Administrative Agency Law, 2 Pa. C.S. § 101. Therefore, we are able to review the Removal Decision only if it is an adjudication within the meaning of the Administrative Agency Law. In *Frankowski I*, we were faced with a similar issue as the one we are faced with here. There, the Department of Labor and Industry requested the Commission remove an applicant's name from an eligible list for a position for which the applicant applied after a background check revealed the applicant's criminal history. *Frankowski I*, 68 A.3d at 1022. The applicant requested a hearing to oppose the removal, which was granted, and the Commission thereafter decided to remove the applicant from the eligible list. *Id.* The applicant appealed that decision to this Court, arguing the merits of the Commission's decision. *Id.* at 1024. Citing the requirements of Section 702 of the Administrative Agency Law and the definition of adjudication, we noted that the applicant, as a prospective employee, had no property right or vested interest in the position. *Id.* at 1025. Because of this, we determined that the "Commission's decision to remove [the applicant's] name from the [e]ligible [l]ist was not an adjudication, and thus, [the applicant] could not appeal from the Commission's decision" under Section 702 of the Administrative Agency Law. *Frankowski I*, 68 A.3d at 1025. We acknowledged that the Civil Service Act "does not grant prospective employees the right to appeal a merit-related eligible list removal." *Id.* Moreover, we reasoned that if probationary employees are not

7

provided with a right of appeal following termination for unsatisfactory work under the Civil Service Act, then certainly prospective employees also have "no right to a hearing simply because [they were] not offered employment for a reason not contrary to law." *Id.* In the present case, like the applicant in *Frankowski I*, Applicant argues the merits underlying the Removal Decision. However, under our precedent, the Removal Decision is not an adjudication because Applicant is a prospective employee without a right or interest affected by it; thus, we cannot review the Removal Decision.

Further, to the extent that Applicant contends she was deprived of a hearing to oppose the requested removal of her name from the List, we discern no error in the Commission's discretionary decision not to provide a hearing. First, as a prospective employee, Applicant did not have a **right** to a hearing. *Id.* Section 7(b)(1)(a), (b) of Management Directive 580.34 states that an eligible "may request an opportunity for oral argument," and the Commission "**may grant or deny** the request for oral argument." Management Directive 580.34 § 7(b)(1)(a), (b) (emphasis added). We have acknowledged the broad discretion afforded to the Commission through this Management Directive to grant or deny hearing requests in *Mansfield v. State Civil Service Commission*, 68 A.3d 1062, 1063 (Pa. Cmwlth. 2013). In that case, an applicant petitioned for review of the Commission's decision to remove applicant's name from an eligible list, which we quashed because the decision was not an adjudication. *Id.* Nonetheless, we addressed the applicant's argument that the Commission should have provided him with an evidentiary hearing on the merits. We rejected this contention, noting that the applicant "had no right to an evidentiary hearing," and "[t]he seven and one-half minutes of argument he received was by the grace of the Commission." *Id.* at

8

1067. Similar to the applicant in *Mansfield*, Applicant argues that she was entitled to a hearing, but the Management Directive governing the procedure leaves the decision to hold a hearing within the sole discretion of the Commission.

Although Applicant did check both the box requesting a hearing and the box declining a hearing on her response to the request for removal, this error does not entitle her to a hearing nor does it require the Commission to exercise its discretion to provide her one. In a similar case, an applicant who was responding to a request for removal of her name from an eligible list checked the box on the form declining a hearing. *Patterson v. State Civil Serv. Comm'n* (Pa. Cmwlth., No. 1777 C.D. 2012, filed Mar. 13, 2013), slip op. at 2.[6] Nonetheless, in a written explanation attached to the form, the applicant "reserve[d] the right to appear in person" in the event that the agency requesting removal provided more information to the Commission. *Id.* at 3. The Commission did not hold a hearing but made the decision to remove the applicant's name from the eligible list based upon the documentation submitted by the agency and the applicant. *Id.* at 4. Before this Court, the applicant argued that the Commission should have provided her a hearing, as she made clear in her letter that she wanted a hearing if the Commission was going to rely upon the agency's allegations. *Id.* at 9. We disagreed, holding that while the applicant may have reserved the right to request a hearing in her written response, contrary to the box she checked on the form, it was ultimately within the Commission's discretion to grant or deny a hearing. *Id.* at 10.

---

[6] *Patterson*, an unreported opinion, is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

9

Here, Applicant's request, albeit ambiguous, similarly was subject to the discretion of the Commission.[7]

Accordingly, we cannot review the Commission's Removal Decision, and we discern no constitutional violation or abuse of discretion in the Commission's decision not to provide Applicant with a hearing.

### b. Order Denying Appeal Request

Applicant next argues that the Commission abused its discretion by denying her Appeal Request. First, Applicant appears to contest the narrow scope of the appeal, which only allowed her to allege discrimination. Applicant argues that this standard is contrary to the one iterated by the Commission prior to the Removal Decision, which allowed her to oppose the removal by challenging the Department's justification. Second, Applicant contends that she did make specific

---

[7] To the extent Applicant argues in her Reply Brief that the Commission abused its discretion by denying her a hearing to oppose the removal of her name from the List because she is female, we are constrained to disagree. In her Appeal Request, Applicant raised no challenge to her not having a hearing to oppose the proposed removal and did not allege discrimination on the basis of sex. Because Applicant did not raise this before the Commission, this issue is waived. Section 703 of the Administrative Agency Law, 2 Pa. C.S. § 703. Moreover, although the applicants in *Frankowski I*, (and *Frankowski v. State Civil Service Commission* (Pa. Cmwlth., No. 1706 C.D. 2012, filed June 25, 3013) (*Frankowski II*)), and *Mansfield*, to whom the Commission provided pre-removal hearings were male, it does not necessarily follow that the Commission denied Applicant a hearing because she is female, particularly when Applicant alleges no other evidence of discrimination. (Applicant's Reply Brief at 4.) Applicant's reliance upon *Frankowski I & II* and *Mansfield* is inapposite. While the applicants in those cases were provided a hearing to present evidence contesting the requesting agency's justification for removal, we did not review the Commission's discretionary decision to have a hearing nor its motivation in exercising that discretion. Additionally, Applicant does not assert any evidence showing that the Commission's exercise of discretion in such situations was motivated by an applicant's gender. Therefore, without more, there is not sufficient evidence of gender-motivated discrimination in the Commission's grant and denial of hearings.

allegations of discrimination, summarizing the supporting documentation she provided to the Commission, in which she denied the alleged incident and showed a good work record without formal discipline. Applicant urges this Court to interpret Section 905.1 of the Civil Service Act to generally "provide redress for mistakes" beyond the "traditional forms of discrimination." (Applicant's Reply Brief at 8 (quoting Debra Punsky Rand, *An Examination of Discrimination under the Pennsylvania Civil Service Act*, 25 DUQ. L. REV. 209, 251 (1987)).) The Commission, relying upon the Civil Service Act, contends that Applicant could only challenge the Removal Decision through a showing of discrimination. Further, the Commission argues that the Removal Decision was based upon merit factors and there was no discrimination.

We begin with Management Directive 580.34 again, as it governs the removal procedure for eligibles, including the appeal of a decision to remove an eligible. Section 7(c)(2) of Management Directive 580.34 provides, in relevant part, that if a decision to remove an eligible's name is made, "an appeal can be filed to request a hearing before the Commission." Management Directive 580.34 § 7(c)(2). However, the appeal "can only be made pursuant to Section 905.1 of the Civil Service Act," and cannot be made "simply because the eligible does not agree with the decision." Management Directive 580.34 § 7(c)(2). Section 905.1 of the Civil Service Act is an express prohibition of discrimination on the basis of non-merit factors. 71 P.S. § 741.905a. It provides:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin, or other non-merit factors.

11

*Id.*

With this in mind, we first address Applicant's argument that the Commission applied the wrong standard to her Appeal Request. The Management Directive governing the Commission's actions clearly limits the scope of appeal in these proceedings to allegations of discrimination under Section 905.1 of the Civil Service Act. As such, the Commission was within its authority to direct Applicant's appeal to address only potential claims of discrimination. Further, Applicant's contention that the Commission "failed to abide by its own letter" prior to the Removal Decision, which allowed Applicant to challenge the Department's justification for requesting her removal from the List, is contrary to the express language of the Management Directive. Applicant's only opportunity to challenge the underlying justification for her removal was in her written response opposing the removal, and she did challenge the justification at that time. However, upon the Commission's Removal Decision, Applicant's ability to challenge was limited only to allegations of discrimination, pursuant to the express language of the Management Directive. The Commission notified Applicant of this in its Removal Decision, where it stated that Applicant could appeal the Removal Decision only on grounds of discrimination.

We turn next to Applicant's argument that her allegations of discrimination were sufficient. Section 105.12(c) of the Commission's regulations elaborate upon what constitutes sufficient allegations of discrimination for purposes of requesting an appeal under Section 905.1 of the Civil Service Act, stating:

> (c) [**a]ppeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed.** Specific facts which should appear on the appeal form include:

(1) The acts complained of.
(2) How the treatment differs from treatment of others similarly situated.
(3) When the acts occurred.
(4) When and how the appellant first became aware of the alleged discrimination.

4 Pa. Code § 105.12(c) (emphasis added). When a petitioner alleges discrimination under Section 905.1 of the Civil Service Act, the petitioner has the initial burden of producing evidence to support a prima facie case of discrimination. *Cola v. State Civil Serv. Comm'n*, 861 A.2d 434, 436 (Pa. Cmwlth. 2004). Only if the petitioner can establish a prima facie case does the burden shift to the appointing agency to provide a legitimate nondiscriminatory reason for the action at issue. *Id.* In reviewing such cases for sufficient allegations, we have noted that "mere general and conclusory allegations of discrimination are not adequate;" rather, "[t]here must be specific factual allegations of discrimination within the context of Section 105.12(c)." *Allen v. State Civil Serv. Comm'n*, 992 A.2d 924, 929 (Pa. Cmwlth. 2010). Therefore, "[t]he Commission may dismiss, *sua sponte*, an appeal for what is, in effect, a failure to state a cause of action for discrimination under Section 905.1" of the Civil Service Act. *Craig v. State Civil Serv. Comm'n*, 800 A.2d 364, 365 (Pa. Cmwlth. 2002).

In *Craig*, the petitioner challenged with the Commission his discharge from a position with the Department of Environmental Protection, alleging discrimination on the basis of race, sex, and disability. The Commission denied his request for a hearing for insufficient allegations of discrimination. *Id.* We agreed with the Commission that the petitioner's allegations of sex and disability discrimination were insufficient because they were general and conclusory, such as a mere allegation that a coworker stated that "disability laws [were] not important"

13

without any additional factual support. *Id.* at 366. However, we determined that the petitioner's claim of racial discrimination was sufficient. *Id.* The petitioner had factual support, alleging high rates of discharge for minorities and unequal distribution of work on the basis of race, which we concluded "fulfill[ed] four of the requirements set forth in 4 Pa. Code § 105.12(c), at least to the degree that" it warranted a hearing. *Craig*, 800 A.2d at 366.

By contrast, in *Reck v. State Civil Service Commission*, we determined that a petitioner had not provided sufficient allegations of discrimination to be granted a hearing. 992 A.2d 977, 980 (Pa. Cmwlth. 2010). There, the petitioner sought a hearing to challenge his transfer and reassignment of employment. In both his original request for a hearing and request for reconsideration, the petitioner alleged the transfer and reassignment was for non-merit factors. *Id.* at 979. In the request for reconsideration, the petitioner alleged he was discriminated against for "his over fifteen years of experience and twenty years of 'active union involvement.'" *Id.* We affirmed the Commission's denial of the petitioner's request for reconsideration, agreeing that there were insufficient allegations of discrimination. *Id.* at 980. We determined that the petitioner's "central allegation that he was transferred and reassigned due to non-merit factors . . . [was] unsupported by any facts." *Id.* at 979. Because the petitioner had not alleged facts about differing treatment or awareness of the discrimination, as required under 4 Pa. Code § 105.12, we concluded that the petitioner's allegations of discrimination were conclusory and insufficient. *Id.* at 980.

In the present case, we first note that Applicant marked "other non-merit factors" as the type of discrimination she was alleging on the appeal form she completed. While non-merit factor is not defined in the Civil Service Act, merit

14

criteria must be job-related and relevant to the execution of the employee's duties. *Balas v. Dep't of Pub. Welfare*, 563 A.2d 219, 223 (Pa. Cmwlth. 1989). Applicant's allegations of discrimination are similar to those made by the petitioner in *Reck*. Applicant contends that she was discriminated against, but merely recites again that the alleged incident in the employment reference was false, there was never disciplinary action taken, and she has a good history working as a nurse. Applicant does not allege discriminatory acts, different treatment from others similarly situated, when the acts occurred, or how she became aware of the discrimination. 4 Pa. Code § 105.12. In essence, Applicant reargues the underlying justification of the Department's request for removal. Further, we cannot say that the Department's underlying justification was not merit-related, as the allegation related to Applicant's past performance in nursing employment. In short, Applicant's allegations of discrimination are conclusory, and the Commission did not abuse its discretion in denying her appeal.

## IV. Conclusion

The Commission's Removal Decision is not an adjudication that is reviewable by this Court; therefore, we quash Applicant's Petition for Review to the extent it challenges the Removal Decision. Further, Applicant did not provide sufficient allegations of discrimination in her Appeal Request. Therefore, we find no abuse of discretion in the Commission's Order denying Applicant's Appeal Request and, accordingly, affirm the Order.

_____
**RENÉE COHN JUBELIRER,** Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ashley C. McKnight,                          :
                       Petitioner            :
                                 :
                 v.                     :   No. 670 C.D. 2018
                                 :
State Civil Service Commission               :
(Department of Human Services),              :
                      Respondent            :

## O R D E R

**NOW**, March 19, 2019, Ashley C. McKnight's Petition for Review with respect to the February 16, 2018 decision of the State Civil Service Commission to remove her name from the list of eligible candidates for the position of Registered PRN Nurse is **QUASHED**. The Order of the State Civil Service Commission mailed on March 26, 2018, denying the request for appeal is **AFFIRMED**.

                                          _____

                                          **RENÉE COHN JUBELIRER,** Judge